IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WANDA SIMPSON,                                    3:13-CV-02000-BR

            Plaintiff,                           OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

            Defendant.


**MERRILL SCHNEIDER**
Schneider Kerr & Gibney Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

            Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**GERALD J. HILL**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2239

        Attorneys for Defendants


**BROWN, Judge.**

        Plaintiff Wanda Simpson seeks judicial review of a final

decision of the Commissioner of the Social Security

Administration (SSA) in which she denied Plaintiff's applications

for Disability Insurance Benefits (DIB) under Title II of the

Social Security Act and Supplemental Security Income (SSI) under

Title XVI of the Social Security Act.  This Court has juris-

diction to review the Commissioner's final decision pursuant to

42 U.S.C. § 405(g).

        For the reasons that follow, the Court **AFFIRMS** the decision

of the Commissioner and **DISMISSES** this matter.


### ADMINISTRATIVE HISTORY

        Plaintiff protectively filed her applications for SSI and

DIB on April 9, 2010, and alleged a disability onset date of

February 13, 2010.  Tr. 154, 159.[1]  The applications were denied

-----

        [1] Citations to the official transcript of record filed by
the Commissioner on March 24, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

initially and on reconsideration.  An Administrative Law Judge
(ALJ) held a hearing on March 12, 2012.  Tr. 33-55.  Plaintiff
was represented by an attorney at the hearing.  Plaintiff, a lay
witness, and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on April 27, 2012, in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 20-27.  Pursuant to 20 C.F.R. § 404.984(d),
that decision became the final decision of the Commissioner on
March 20, 2013, when the Appeals Council denied Plaintiff's
request for review.


## BACKGROUND

Plaintiff was born on November 13, 1957.  Tr. 260.
Plaintiff was 54 years old at the time of the hearing.  Plaintiff
has an eleventh-grade education.  Tr. 192.  Plaintiff has past
relevant work experience as a caregiver, gas-station attendant,
cashier, housekeeper, and teacher's aide.  Tr. 52.

Plaintiff alleges disability due to irritable bowel
syndrome, ulcerative colitis, and back pain.  Tr. 191.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 24-26.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments. 20 C.F.R.

5 - OPINION AND ORDER

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648
F.3d at 724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity.  20 C.F.R.
§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648
F.3d at 724.  The criteria for the listed impairments, known as
Listings, are enumerated in 20 C.F.R. part 404, subpart P,
appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,
at *1.  In other words, the Social Security Act does not require
complete incapacity to be disabled.  *Taylor v. Comm'r of Soc.
Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair
v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform

work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv),
416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the
burden shifts to the Commissioner to show a significant number of
jobs exist in the national economy that the claimant can perform.
*Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th
Cir. 2010).  The Commissioner may satisfy this burden through the
testimony of a VE or by reference to the Medical-Vocational
Guidelines set forth in the regulations at 20 C.F.R. part 404,
subpart P, appendix 2.  If the Commissioner meets this burden,
the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1),
416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged
in substantial gainful activity since her February 13, 2010,
alleged onset date.  Tr. 22.

At Step Two the ALJ found Plaintiff has the medically
determinable impairments of degenerative disk disease of the
lumbar spine, coronary artery disease, migraine headaches,
"transient ischemic attack," and ulcerative colitis.  Tr. 22  The

7 - OPINION AND ORDER

ALJ, however, found none of Plaintiff's medically determinable impairments or combination of Plaintiff's impairments are severe. Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 26.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly gave "little weight" to the opinions of State Agency Physicians Neal Berner, M.D., and Sharon Eder, M.D., and (2) failed to find any of Plaintiff's impairments to be severe at Step Two.

**I.   The ALJ did not err when he gave "little weight" to the opinions of Drs. Berner and Eder.**

A nonexamining physician is one who neither examines nor treats the claimant.  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600 (9th Cir. 1999).  An ALJ may reject a nonexamining physician's opinion "without giving specific and legitimate reasons for so doing."  *Khan v. Colvin*, No. EDCV 12-2106-MAN, 2014 WL 2865173, at *8 (C.D. Cal. June 24, 2014)(citing *Shafer v. Astrue*, 518 F.3d 1067, 1069-70 (9th Cir. 2008)).

On September 16, 2010, Dr. Berner, a nonexamining state agency medical consultant, provided a case analysis of Plaintiff's impairments and opined, among other things, that Plaintiff's medically determinable impairments of ulcerative colitis and degenerative disc disease are severe.  Tr. 60.  On

8 - OPINION AND ORDER

January 20, 2011, Dr. Eder, a nonexamining state agency medical consultant, provided a case analysis of Plaintiff's impairments and also opined, among other things, that Plaintiff's medically determinable impairments of ulcerative colitis and degenerative disc disease are severe. Tr. 80. Plaintiff asserts the ALJ erred when he gave "little weight" to those opinions.

The ALJ gave little weight to the opinions of Drs. Berner and Eder that Plaintiff's impairments of degenerative disc disease and ulcerative colitis are not severe on the grounds that their opinions are "inconsistent with the longitudinal medical evidence." Tr. 26. Specifically, the ALJ noted with respect to Plaintiff's back pain that the record reflects Plaintiff consistently exhibited intact range of motion in her back between April 2007 and February 2012, including normal strength and sensation in her lower extremities and a normal gait. Tr. 283, 291, 314, 322, 349, 410. The ALJ also noted the record reflects Plaintiff had normal forward flexion and extension in her back, and she did not have any pain with palpation along her lumbar vertebrae even after she suffered an acute lumbar strain in January 2011. Tr. 355-56.

With respect to Plaintiff's ulcerative colitis, Plaintiff reported in March 2010 that she had not had a flare-up "for several years." Tr. 314. Examining physician Scott Gibson, M.D., reported Plaintiff's symptoms were "well controlled" with

medication by the time of Plaintiff's discharge.  Tr. 315.  In
addition, Plaintiff reported to Scott Swindells, P.A., at
examinations in May 2010 and June 2010 that her ulcerative
colitis had improved and that her abdominal pain was controlled
with sulfasalazine.  Tr. 260.  Plaintiff told Swindells that the
"[l]ast time she was on sulfasalazine she used it for a couple
years and did so well she dc'd it herself and did okay for 5-6
years."  Tr. 260.  In June 2010 Plaintiff also declined a
referral to a gastrointestinal specialist because she did not
"feel she need[ed] a GI doctor."  Tr. 260.  Plaintiff underwent a
colonoscopy in November 2010, which reflected only mild erythema,
mild inflammation of the colon, and normal mucosa.  Tr. 354.  The
colonoscopy did not show any polyps or diverticula.  Tr. 354.  In
January 2012 Plaintiff reported to examining physician Janet
Paquette, M.D., that she was taking her medications regularly and
that she had not had any recent flares of colitis.  Tr. 370.

The ALJ concluded the medical evidence does not support the
conclusions of Drs. Berner and Eder that Plaintiff's impairments
of degenerative disc disease and ulcerative colitis are severe,
and, in fact, the medical evidence indicates Plaintiff's
impairments are mild, infrequent, and/or well-controlled with
medication.

The Court concludes on this record that the ALJ did not err
when he gave "little weight" to the opinions of Drs. Berner and

Eder because the ALJ provided legally sufficient reasons
supported by evidence in the record for doing so.

**II.  The ALJ did not err when he found Plaintiff's impairments
      were not severe at Step Two.**

In Step Two the claimant is not disabled if the Commissioner
determines the claimant does not have any medically severe
impairment or combination of impairments.  *Stout v. Comm'r*, 454
F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R.
§§ 404.1509, 404.1520(a)(4)(ii).  A severe impairment
"significantly limits" a claimant's "physical or mental ability
to do basic work activities."  20 C.F.R. § 404.1521(a).  *See also*
*Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005).  The
ability to do basic work activities is defined as "the abilities
and aptitudes necessary to do most jobs."  20 C.F.R.
§§ 404.1521(a), (b).  Such abilities and aptitudes include
walking; standing; sitting; lifting; pushing; pulling; reaching;
carrying; handling; seeing; hearing; speaking; understanding,
carrying out, and remembering simple instructions; using
judgment; responding appropriately to supervisors, co-workers,
and usual work situations; and dealing with changes in a routine
work setting.  *Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe
> only if it is a slight abnormality which has such
> a minimal effect on the individual that it would
> not be expected to interfere with the individual's
> ability to work . . . .  [T]he severity regulation

11 - OPINION AND ORDER

> is to do no more than allow the Secretary to deny
> benefits summarily to those applicants with
> impairments of a minimal nature which could never
> prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).
The Ninth Circuit describes Step Two as a "*de minimus* screening
device to dispose of groundless claims." *Smolen*, 80 F.3d at
1290. *See also Webb v. Barnhart*, 433 F.3d 683, 686-88 (9th Cir.
2005). "Great care should be exercised in applying the not
severe impairment concept." SSR 85-28, at *4.

The ALJ found none of Plaintiff's impairments alone or in
combination are severe because the record reflects they are mild
and/or infrequent and do not cause her any functional
limitations. The ALJ relied on the evidence in the record
related to Plaintiff's impairments of degenerative disc disease
and ulcerative colitis. As to Plaintiff's impairment of coronary
artery disease, the ALJ noted a bilateral carotid duplex
ultrasound of Plaintiff's heart in January 2012 reflected only
moderate right-side carotid artery plaque and less than fifty-
percent stenosis bilaterally. Tr. 407. In January 2012
Plaintiff had an echocardiogram that showed Plaintiff has normal
heart function without evidence of emboli and a resting ejection
fraction "well within normal limits and calculated greater than
65%." Tr. 376.

With respect to Plaintiff's migraine headaches, the ALJ
noted Plaintiff's January 2012 noncontrast head CT scan was

12 - OPINION AND ORDER

unremarkable.  Tr. 381.  In addition, Plaintiff reported to examining physician Jim James, M.D., in February 2012 that she suffers severe headaches about twice a year.  Tr. 409.  Dr. James placed Plaintiff on statin and aspirin therapy.  Because of the low-reported frequency of her headaches, Dr. James did not prescribe Plaintiff any "prophylactic medication."  Tr. 409-10.

The Court concludes on this record that the ALJ did not err at Step Two when he failed to find any of Plaintiff's impairments are severe because he provided legally sufficient reasons supported by substantial evidence in the record for doing so.


## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 16th day of October, 2014.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge